FILED

2016 APR 29 PM 3:34

CLERK, US ...
MIDDLE DIST... FLORIDA
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN JENKINS,

    Plaintiff,

v.                         CASE NO. 6:16-cv-740-Orl-28-GJK

CITIBANK, N.A.,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, STEPHEN JENKINS ("Plaintiff"), by and through his attorneys, and for his Complaint against Defendant, CITIBANK, N.A. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 47 U.S.C. § 227.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district as Plaintiff resides in this district and as Defendant transacts business in this district.

### PARTIES

4. Plaintiff is a natural person who at times relevant resided in Maitland, Florida.

5. Plaintiff is a consumer as that term is defined by Fla. Stat. § 559.55(2) and owed a debt as that term is defined by Fla. Stat. § 559.55(1).

6. Defendant is a business entity with a business office located in Sioux Falls, South Dakota.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Plaintiff acquired a credit card from Defendant which was used for personal, family, and household purposes.

9. Defendant placed calls to telephone number ▇▇▇▇▇▇▇▇, which is Plaintiff's cellular telephone.

10. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them by using an automatic telephone dialing system.

11. The purpose of these calls was to collect funds from Plaintiff for purchases arising from the use of the credit card.

12. On January 12, 2016 at approximately 11:23 AM, Plaintiff spoke with one of Defendant's representatives and instructed Defendant to stop calling his cell phone number.

13. Plaintiff revoked any consent, actual or implied, for Defendant to use an automatic telephone dialing system to call his cell phone.

14. Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone.

15. Since January 12, 2016, Defendant called Plaintiff's cell phone at least seventy-two (72) times.

16. During this time period Defendant called Plaintiff's cell phone as many as seven (7) times in a single day.

17. Plaintiff is annoyed and feels harassed by Defendant's calls.

18. Defendant placed these calls voluntarily.

19. Defendant placed these calls under its own free will.

20. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

21. Defendant intended to use an automatic telephone dialing system to place these calls.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT

22. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

23. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

24. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

25. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

26. All court costs, witness fees and other fees incurred; and

27. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. Plaintiff re-alleges and incorporates the foregoing paragraphs herein.

29. Defendant violated the FCCPA based on the following:

   a) Defendant violated § 559.72(7) of the FCCPA by engaging in conduct which can reasonably be expected to abuse or harass Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

30. Statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

31. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

32. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Stephan R Caplan

Stephen R. Caplan
FBN: 835153
Caplan & Associates, P.A.
31 N. Hyer Ave.
Orlando, FL 32801
407-872-6249 (phone)
407-425-1501 (fax)
SCaplan@caplan-associatespa.com
*Attorney for Plaintiff*